```
 1  JOHN DINAPOLI (SBN 84365)
    STEVEN J. SIBLEY (SBN 152365)
 2  DINAPOLI & SIBLEY
    Ten Almaden Boulevard, Suite 1250
 3  San Jose, CA 95113-2271
    Telephone:  (408) 999-0900
 4  Facsimile:  (408) 999-0191
    e-mail:     jfd@dslaw.net
 5
    Attorneys for Defendants PHILLIPS &
 6  BURNS, LLC, ANGELA  PRICE,
    a.k.a, ANGELA RUSSO
 7
```

8        UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

| | |
|---|---|
| JASON MUSSYNSKI | Case No. C-07-04828 JW |
| Plaintiff, | **ANSWER TO UNVERIFIED COMPLAINT** |
| v. | |
| PHILLIPS & BURNS, LLC, ANGELA PRICE, and ANGELA RUSSO | |
| Defendants. | |

Defendants PHILLIPS & BURNS, LLC, and ANGELA PRICE, also sued herein as ANGELA RUSSO, respond to plaintiff's unverified Complaint as follows:

**PRELIMINARY ALLEGATIONS**

1.  Defendants admit the allegations of ¶1 of the Complaint as a statement of plaintiff's claims, but deny the final allegation that defendants sent letters to plaintiff "that were false, deceptive, and misleading, in violation of debt collection laws."

2.  Defendants admit the allegations of ¶¶2 through 5 of the Complaint.

3.  Defendants admit the allegations of ¶¶6 through 9 (including the second set of 8 and 9) of the Complaint, except for the allegation in ¶6 that defendant PHILLIPS & BURNS, LLC, is a law office, which defendants deny. In addition, defendants affirmatively allege that defendants ANGELA PRICE and ANGELA RUSSO are the same person rather than two separate employees of defendant PHILLIPS & BURNS, LLC.

4.  Defendants lack sufficient information or belief to admit or deny the allegations

of ¶10 of the Complaint because they are overbroad and indefinite and therefore deny those allegations on that basis. Without waiving that caveat, defendants admit that in mailing to plaintiff the letters attached to the Complaint defendant ANGELA PRICE was acting as an employee of defendant PHILLIPS & BURNS, LLC, and within the scope, purpose and authority of her employment by that defendant.

5.   Defendants admit the allegations of ¶11 of the Complaint.

## FACTUAL ALLEGATIONS

6.   Defendants admit the allegations of ¶¶ 12 through 16 of the Complaint.

7.   Defendants deny the allegations of ¶¶17 through 19 of the Complaint.

8.   Defendants admit the allegations of ¶¶20 and 21 of the Complaint.

9.   Defendants deny the allegations of ¶¶22 through 27 of the Complaint.

10.  Defendants admit the allegations of ¶28 of the Complaint, but affirmatively allege that defendant ANGELA RUSSO is the same person as defendant ANGELA PRICE.

11.  In response to ¶29 of the Complaint, defendants lack sufficient information or belief to admit or deny the scope and nature of plaintiff's "review of public records" and plaintiff's use of the word "typically" and therefore deny those allegations on that basis. In addition, defendants deny that Santa Clara County would be a legally appropriate or sufficient geographical area for determining whether defendant PHILLIPS & BURNS, LLC, has "typically" filed civil actions against delinquent borrowers. Without waiving those caveats, and based on their present information and belief, defendants admit that PHILLIPS & BURNS, LLC, has not previously filed a civil action in Santa Clara County, California.

12.  Defendants deny the allegations of ¶30 of the Complaint.

## FIRST CAUSE OF ACTION

13.  In response to ¶31 of the Complaint, defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

14.  Defendants deny the allegations of ¶¶32 through 36 of the Complaint and specifically deny that plaintiff is entitled to recover any damages in this action.

**SECOND CAUSE OF ACTION**

15. In response to ¶37 of the Complaint, defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

16. Defendants deny the allegations of ¶¶38 through 41 of the Complaint and specifically deny that plaintiff is entitled to recover any damages in this action.

17. Defendants admit the allegations of ¶42 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action against these defendants.

2. Plaintiff's claims against defendants for any actions and omissions which allegedly occurred before September 20, 2006, are barred by applicable statutes of limitation, including, but not limited to, 15 U.S.C. §1692k(d) and California Civil Code §1788.30(f).

3. The letters attached to the Complaint were not defendants' first communications with the plaintiff with respect to the debt, as expressly stated in Exhibit 1, and defendants' prior and ensuing communications with plaintiff complied with defendants' obligations to plaintiff under federal and state law.

4. Plaintiff has waived his right to assert his claims against these defendants.

5. Plaintiff is estopped to assert his claims against these defendants.

6. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(a) and 1788.30(g) if plaintiff obtained some or all of the credit alleged in the Complaint without the intention to pay those obligations in accordance with the terms and conditions of his credit agreement.

7. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(a) and 1788.30(g) if plaintiff obtained some or all of the credit alleged in the Complaint with the knowledge that there was no reasonable probability of his being able to pay those obligations in accordance with the terms and conditions of his credit agreement.

8. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(b) and 1788.30(g) if plaintiff obtained some or all of the credit

alleged in the Complaint by knowingly submitting false or inaccurate information to the credit issuer or by willfully concealing adverse information bearing upon his credit worthiness, credit standing, or credit capacity.

9. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.21 and 1788.30(g) if plaintiff failed to advise the creditor of any changes in his name, address or employment within a reasonable time after those changes.

10. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.22 if plaintiff attempted to consummate any consumer credit transaction with the knowledge that his credit privileges under the account had been terminated or suspended.

11. Defendants did not willfully or knowingly violate any provisions of the Rosenthal Act with respect to plaintiff and, therefore, even if the trier of fact found a violation of the Act, defendants would not be liable for the statutory penalties set forth in California Civil Code §1788.30(b)

12. Pursuant to California Civil Code §1788.30(e), defendants have no civil liability to plaintiff under the Rosenthal Act because their violations of the Act, if any, were not intentional and occurred, if at all, despite defendants' maintenance of procedures reasonably adapted to avoid any such violations.

13. Pursuant to 15 U.S.C. §1692k(c), defendants have no civil liability to plaintiff under the FDCPA because their violations of the Act, if any, were not intentional and resulted, if at all, from a bona fide error notwithstanding defendants' maintenance of procedures reasonably adapted to avoid any such error.

14. If the Court finds that plaintiff's prosecution or defense of this action was not in good faith, defendants are entitled to an award of their attorneys' fees and costs under California Civil Code §1788.30(c).

15. If the Court finds that plaintiff brought this action in bad faith and for purposes of harassment, defendants are entitled to an award of their attorneys' fees and costs under 15 U.S.C. §1692k(a)(3).

1  WHEREFOR, defendants respectfully ask the Court to deny plaintiff any relief on his Complaint and to award defendants their costs of suit and, on appropriate findings under the state and federal statutes, their reasonable attorneys' fees in this matter.

Dated:   November 6, 2007              DINAPOLI & SIBLEY

By: /s/ John DiNapoli
JOHN DINAPOLI, Attorneys for Defendants PHILLIPS & BURNS, LLC, and ANGELA PRICE, a.k.a. ANGELA RUSSO