Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, 1st Floor
San Jose, California 95126
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JASON MUSSYNSKI,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS & BURNS, LLC, ANGELA PRICE, and ANGELA RUSSO,<br><br>    Defendants. | Case No. 07-04828 JW HRL<br><br>**AMENDED COMPLAINT** |

## I. <u>INTRODUCTION</u>

1. This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.* (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff alleges that Defendants sent letters that were false, deceptive, misleading in violation of the debt collection laws. Defendants also engaged in unlawful and intrusive conduct by communicating with someone known to be represented by counsel.

2. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff JASON MUSSYNSKI (hereinafter "Mr. Mussynski") is a natural person residing in Santa Clara County, California.

5. Mr. Mussynski is a "consumer" as defined by 15 U.S.C. § 1692a(3) and under California Civil Code § 1788.2. Mr. Mussynski is a "debtor" as defined by California Civil Code § 1788.2.

6. Defendant PHILLIPS & BURNS, LLC (hereinafter "Defendant Collector") is a law office and limited liability company in the State of New York and regularly engages in the collection of debt with a principal place of business of 461 Ellicott Street, 3rd Floor, Buffalo, New York 14203.

7. Defendant Collector is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

8. Defendant ANGELA PRICE (hereinafter "Defendant Price") is an employee of Defendant Collector and is engaged in the business of collecting consumer debts in California for third parties.

9. Defendant Price is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

10. Defendant ANGELA RUSSO (hereinafter "Defendant Russo") is an employee of Defendant Collector and is engaged in the business of collecting consumer debts in California for third parties.

11. Defendant Russo is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

12. Plaintiff alleges that at all times herein mentioned, each Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

13. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector", without further qualification is meant by the Plaintiff to refer to each Defendant named

above.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff Jason Mussynski ("Mr. Mussynski") incurred a consumer obligation for personal, family or household purposes to Metris/Direct Merchants. The debt was a result of a consumer credit transaction.

15. Mr. Mussynski is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Mr. Mussynski, the debt was sold, assigned, or otherwise transferred to Ascension Inc.

16. Ascension Inc. then hired Defendant Collector to collect the debt from Mr. Mussynski.

17. On or about September 21, 2006, Mr. Mussynski received a collection letter from Defendant Collector. A true and accurate copy of the September 21, 2006 collection letter from Defendant Collector to Mr. Mussynski is attached hereto, marked **Exhibit 1**, and by this reference is incorporated herein.

18. **Exhibit 1** was on the letterhead, "The Offices of Phillips and Burns, LLC," and stated in part:

"We are currently reviewing all options available to us to enforce and collect the above-referenced debt, which we may take without further notice to you. Those options may expose you to potentially negative consequences."

"**TO AVOID THIS YOU MUST CONTACT THIS OFFICE IMMEDIATELY**"

19. The signature line of **Exhibit 1** contained no signature but the name "Angela Price." (Defendant Price herein), and title, "Claims Advisor."

20. The collection letter refers consumers to Defendant's website at www.phillipsburns.com.

21. **Exhibit 1** falsely threatened immediate legal action not intended and not taken within the time frame threatened.

22. **Exhibit 1** is designed to instill a false sense to urgency in the reader.

23. **Exhibit 1**, and Defendant's website, made false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt. Defendant's website misleads the "least sophisticated consumer" into believing Defendant provides legal services.

24. On or about October 20, 2006, Mr. Mussynski received another collection letter from Defendant Collector. A true and accurate copy of the October 20, 2006 collection letter from Defendant Collector to Mr. Mussynski is attached hereto, marked **Exhibit 2**, and by this reference is incorporated herein.

25. Statements in **Exhibit 2**, such as, "WITHOUT PREJUDICE," falsely represented that a lawsuit had already been filed against Mr. Mussynski.

26. **Exhibit 2** made false statements that Mr. Mussynski agreed to payment arrangements.

27. **Exhibit 2** falsely represented that the debt had already been reported to the credit bureaus7by Ascension Inc.

28. **Exhibit 2** made false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

29. **Exhibit 2** is designed to instill a false sense to urgency in the reader.

30. **Exhibit 2** made a settlement offer that contradicted Defendants' threats of immediate legal action in **Exhibits 1**. Thus, **Exhibits 1** is objectively false.

31. The signature line of **Exhibit 2** contained no signature but the name "Angela Russo." (Defendant Russo herein).

32. On September 20, 2007 Plaintiff filed a Complaint with the Northern District of California.

33. The Complaint clearly referenced that Plaintiff was represented by legal counsel, and

provided the name, address and telephone number of Plaintiff's counsel, as well as copies of the collection letters Defendant sent to Plaintiff- with all identifying information.

34. Defendants were subsequently served with a copy of the Summons and Complaint. Despite knowing Plaintiff was represented by legal counsel, and without the consent of Plaintiff's counsel, Defendant continued to communicate with Plaintiff in an attempt to collect the debt.

35. On or about November 20, 2007 Defendant sent a collection letter advising Plaintiff that if he did not make payment on the debt:

**"…we will be free to pursue any available rights and remedies we may have against you without further notice."**

36. The letter was not signed, but contained the typed signature line:

> **Pre-Legal Claims MGR**
> **Phillips & Burns, LLC**

37. Defendants letters refer consumers to their website, **www.phillipsburns.com.**

38. Defendants website falsely represents or implies to the "least sophisticated consumer" that Defendants engage in "Legal Services" and thus are attorneys. A pull down menu on Defendant's home page entitled "Our Services" leads the "least sophisticated consumer" to a list of services which includes "Legal Services." By clicking on "Legal Services" the "least sophisticated consumer" is led to another web page containing false, deceptive and misleading information regarding legal services provided by Defendants.

39. **Exhibit 3** is the relevant portion of Defendants' website, as of December 6, 2007.

40. Defendants' letterhead ("The Offices of Phillips & Burns, LLC"), language in the collection letters, and misrepresentations on their website, misleads the "least sophisticated consumer" into believing Defendants are attorneys.

41. Defendants are not attorneys.

42. A review of public records reveal that Defendants do not typically sue in Santa Clara County. A review of public records reveals Defendants have not sued anyone in Santa Clara County in the past five years.

43. Defendants communicated with someone known to be represented by counsel, falsely threatened imminent suit, created a false sense of urgency, and made false deceptive and misleading statements in an attempt to collect a debt. Plaintiff was upset and confused by Defendants' conduct, letters and continued attempts to collect.

44. On information and belief, Defendants' collection letters, including **Exhibits 1 and 2**, were sent to 40 or more persons in California in the one-year preceding the filing of this complaint. On information and belief, Defendant's November 20, 2007 collection letter was sent to 40 or more persons in California in the one-year preceding the letter. Plaintiff may seek to amend to add class allegations at a later time.

## V. FIRST CAUSE OF ACTION
**(Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.)**

45. Plaintiff incorporates by reference each and every paragraph alleged above.

46. Defendant violated 15 U.S.C. § 1692 et seq., including but not limited to, 15 U.S.C. § 1692c, 1692e, 1692e(5), and 1692e(10) by attempting to collect a debt through unfair and deceptive means.

47. Defendants violated 15 U.S.C 1692c by communicating with someone known to be represented by counsel.

48. Defendants violated 15 U.S.C. 1692e(3) by misrepresenting a communication was from an attorney.

49. Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening immediate

1 legal action not intended and not taken within the time frame threatened.

50. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

51. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) creating a false sense of urgency.

52. As a result of the above violations of the FDCPA, Defendants are liable to Mr. Mussynski for statutory damages, costs and attorney's fees.

## VI. SECOND CAUSE OF ACTION
**(California's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq*.)**

53. Plaintiff incorporates by reference each paragraph alleged above.

54. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq*.

55. Defendants violated Civil Code section § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

56. Defendants violated Civil Code section § 1788.17 by communicating with someone known to be represented by counsel, and making false, deceptive and misleading statements in an attempt to collect a debt.

57. Defendants violated Cal. Civil Code § 1788.13(b) by misleading the least sophisticated consumer into believing they were attorneys.

58. Defendants violated Cal. Civil Code § 1788.13(j) by falsely representing a lawsuit had been or was about to be filed against Plaintiff.

59. Defendants' acts described above were done willfully and knowingly with the purpose of coercing Mr. Mussynski into repaying the alleged debt within the meaning of Cal. Civil Code § 1788.30(b).

60. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code "are intended to be cumulative and in addition to any other remedies under any other law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Declare the Defendants' conduct violated the FDCPA and the state Act.

B. Statutory damages pursuant to 15 U.S.C. § 1692k, Civil Code § 1788.17, and Civil Code § 1788.30.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, Civil Code § 1788.17, and Civil Code § 1788.30.

D. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/Ronald Wilcox_____    12/22/07_____
Ronald Wilcox, Attorney for Plaintiff                Date

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

/s/Ronald Wilcox_____    12/22/07_____
Ronald Wilcox, Attorney for Plaintiff                Date