1   JOHN DINAPOLI (SBN 84365)
    STEVEN J. SIBLEY (SBN 152365)
2   DINAPOLI & SIBLEY
    Ten Almaden Boulevard, Suite 1250
3   San Jose, CA 95113-2271
    Telephone:    (408) 999-0900
4   Facsimile:    (408) 999-0191
    e-mail:       jfd@dslaw.net
5
    Attorneys for Defendants PHILLIPS &
6   BURNS, LLC, ANGELA PRICE,
    a.k.a, ANGELA RUSSO
7

8           UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

9                                    SAN JOSE DIVISION

10  JASON MUSSYNSKI                          Case No. C-07-04828 JW

11          Plaintiff ,                      **ANSWER TO UNVERIFIED FIRST
                                             AMENDED COMPLAINT**
12  v.

13  PHILLIPS & BURNS, LLC, ANGELA
    PRICE, and ANGELA RUSSO
14
            Defendants.
15

16          Defendants PHILLIPS & BURNS, LLC, and ANGELA PRICE, also sued herein as

17  ANGELA RUSSO, respond to plaintiff's unverified First Amended Complaint ("Complaint") as

18  follows:

19                              **PRELIMINARY ALLEGATIONS**

20          1.      Defendants admit the allegations of ¶1 of the Complaint as a statement of

21  plaintiff's claims, but deny the final allegations that defendants sent letters to plaintiff "that were

22  false, deceptive, and misleading, in violation of debt collection laws" and that "Defendants also

23  engaged in unlawful and intrusive conduct by communicating with someone known to be

24  represented by counsel."

25          2.      Defendants admit the allegations of ¶¶2 through 5 of the Complaint.

26          3.      Defendants admit the allegations of ¶¶6 through 11 of the Complaint, except for

27  the allegation in ¶6 that defendant PHILLIPS & BURNS, LLC, is a law office, which defendants

28  deny.  In addition, defendants affirmatively allege that defendants ANGELA PRICE and

1  ANGELA RUSSO are the same person rather than two separate employees of defendant
2  PHILLIPS & BURNS, LLC.

3        4.      Defendants lack sufficient information or belief to admit or deny the allegations
4  of ¶12 of the Complaint because they are overbroad and indefinite and defendants therefore
5  deny those allegations on that basis.  Without waiving that caveat, defendants admit that in
6  mailing to plaintiff the letters attached to the Complaint defendant ANGELA PRICE was acting
7  as an employee of defendant PHILLIPS & BURNS, LLC, and within the scope, purpose and
8  authority of her employment by that defendant.

9        5.      Defendants admit the allegations of ¶13 of the Complaint.

10                              **FACTUAL ALLEGATIONS**

11        6.      Defendants admit the allegations of ¶¶ 14 through 19 of the Complaint.

12        7.      In response to ¶20 of the Complaint, defendants admit that the letter mentions
13  the website address of PHILLIPS & BURNS, LLC, but defendants deny that the letter refers
14  consumers to that website for any purpose other than payments on their accounts.

15        8.      Defendants deny the allegations of ¶¶21 through 23 of the Complaint.

16        9.      Defendants admit the allegations of ¶24 of the Complaint.

17        10.     Defendants deny the allegations of ¶¶25 through 30 of the Complaint.

18        11.     Defendants admit the allegations of ¶31 of the Complaint, but affirmatively allege
19  that defendant ANGELA RUSSO is the same person as defendant ANGELA PRICE.

20        12.     Defendants admit the allegations of ¶32 of the Complaint.

21        13.     Defendants admit the allegations of ¶33 of the Complaint, except for the reference
22  to copies of "the collection letters" and the phrase "all identifying information," which defendants
23  deny on the grounds that those allegations are vague and uncertain.  Defendants admit having
24  sent Plaintiff copies of Exhibits 1 and 2 to the Complaint.

25        14.     Defendants admit the allegations of ¶34 of the Complaint, except for the allegation
26  that "Defendant continued to communicate with Plaintiff in an attempt to collect the debt," which
27  defendants deny.

28        15.     On information and belief, defendants deny the allegations of ¶¶35 and 36 of the

1 | Complaint.

2 |     16.    In response to ¶37 of the Complaint, defendants admit that Exhibit 1 mentions the

3 | website address of Defendant Phillips & Burns, LLC, but defendants deny that the letter refers

4 | consumers to that website for any purpose other than payments on their accounts.  Defendants

5 | also deny that Exhibit 2 even mentions the website.  Defendants have no knowledge of the

6 | alleged letter of November 20, 2007.

7 |     17.    Defendants deny the allegations of ¶38 of the Complaint and affirmatively allege

8 | that the website clearly discloses that they assist creditors in the collection of debts rather than

9 | consumers in the payment of debts to those creditors.

10 |     18.    In response to ¶39 of the Complaint, defendants admit that Exhibit 3 contains

11 | excerpts from the website as of December 17, 2007 (the date on which they were ostensibly

12 | printed by plaintiff's attorney), but deny plaintiff's allegation that these pages are the "relevant"

13 | portion of the website, on the grounds that this allegation is vague, uncertain, and

14 | argumentative.

15 |     19.    Defendants deny the allegations of ¶40 of the Complaint.

16 |     20.    Defendants admit the allegations of ¶41 of the Complaint.

17 |     21.    In response to ¶42 of the Complaint, defendants lack sufficient information or

18 | belief to admit or deny the scope and nature of plaintiff's "review of public records" and

19 | plaintiff's use of the word "typically" and therefore deny those allegations on that basis.  In

20 | addition, defendants deny that Santa Clara County would be a legally appropriate or sufficient

21 | geographical area for determining whether defendant PHILLIPS & BURNS, LLC, has "typically"

22 | filed civil actions against delinquent borrowers.  Without waiving those caveats, and based on

23 | their present information and belief, defendants admit that PHILLIPS & BURNS, LLC, has not

24 | previously filed a civil action in Santa Clara County, California.

25 |     22.    Defendants deny the allegations of ¶¶43 and 44 of the Complaint.

26 | **FIRST CAUSE OF ACTION**

27 |     23.    In response to ¶45 of the Complaint, defendants incorporate by reference their

28 | responses to the prior paragraphs of the Complaint.

24. Defendants deny the allegations of ¶¶46 through 52 of the Complaint and specifically deny that plaintiff is entitled to recover any damages in this action.

**SECOND CAUSE OF ACTION**

25. In response to ¶53 of the Complaint, defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

26. Defendants deny the allegations of ¶¶54 through 59 of the Complaint and specifically deny that plaintiff is entitled to recover any damages in this action.

27. Defendants admit the allegations of ¶60 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action against these defendants.

2. Plaintiff's claims against  defendants for any actions and omissions which allegedly occurred before September 20, 2006, are barred by applicable statutes of limitation, including, but not limited to, 15 U.S.C. §1692k(d) and California Civil Code §1788.30(f).

3. The letters attached to the Complaint were not defendants' first communications with the plaintiff with respect to the debt, as expressly stated in Exhibit 1, and defendants' prior and ensuing communications with plaintiff complied with defendants' obligations to plaintiff under federal and state law.

4. Plaintiff has waived his right to assert his claims against these defendants.

5. Plaintiff is estopped to assert his claims against these defendants.

6. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(a) and 1788.30(g) if plaintiff obtained some or all of the credit alleged in the Complaint without the intention to pay those obligations in accordance with the terms and conditions of his credit agreement.

7. Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(a) and 1788.30(g) if plaintiff obtained some or all of the credit alleged in the Complaint with the knowledge that there was no reasonable probability of his being able to pay those obligations in accordance with the terms and conditions of his credit agreement.

8.    Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.20(b) and 1788.30(g) if plaintiff obtained some or all of the credit alleged in the Complaint by knowingly submitting false or inaccurate information to the credit issuer or by willfully concealing adverse information bearing upon his credit worthiness, credit standing, or credit capacity.

9.    Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.21 and 1788.30(g) if plaintiff failed to advise the creditor of any changes in his name, address or employment within a reasonable time after those changes.

10.    Plaintiff's claims against defendants under the Rosenthal Act are barred under California Civil Code §§1788.22 if plaintiff attempted to consummate any consumer credit transaction with the knowledge that his credit privileges under the account had been terminated or suspended.

11.    Defendants did not willfully or knowingly violate any provisions of the Rosenthal Act with respect to plaintiff and, therefore, even if the trier of fact found a violation of the Act, defendants would not be liable for the statutory penalties set forth in California Civil Code §1788.30(b)

12.    Pursuant to California Civil Code §1788.30(e), defendants have no civil liability to plaintiff under the Rosenthal Act because their violations of the Act, if any, were not intentional and occurred, if at all, despite defendants' maintenance of procedures reasonably adapted to avoid any such violations.

13.    Pursuant to 15 U.S.C. §1692k(c), defendants have no civil liability to plaintiff under the FDCPA because their violations of the Act, if any, were not intentional and resulted, if at all, from a bona fide error notwithstanding defendants' maintenance of procedures reasonably adapted to avoid any such error.

14.    If the Court finds that plaintiff's prosecution or defense of this action was not in good faith, defendants are entitled to an award of their attorneys' fees and costs under California Civil Code §1788.30(c).

15.    If the Court finds that plaintiff brought this action in bad faith and for purposes of

1 | harassment, defendants are entitled to an award of their attorneys' fees and costs under 15

2 | U.S.C. §1692k(a)(3).

3 |     WHEREFOR, defendants respectfully ask the Court to deny plaintiff any relief on his

4 | Complaint and to award defendants their costs of suit and, on appropriate findings under the

5 | state and federal statutes, their reasonable attorneys' fees in this matter.

6 | Dated:        January 23, 2008                    DINAPOLI & SIBLEY

7 |

8 |

9 |                                              By: /s/ John DiNapoli

10 |                                                   JOHN DINAPOLI, Attorneys
   |                                                   for Defendants PHILLIPS &
11 |                                                   BURNS, LLC, and ANGELA
   |                                                   PRICE, a.k.a. ANGELA
12 |                                                   RUSSO

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |